IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JUDY MILLER | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, A CORPORATION; AND LINCOLN FINANCIAL GROUP, INC., A CORPORATION | ) ) ) ) ) ) ) | 2:06CV1042-MEF |
| Defendant. | ) ) | |

RECEIVED
2006 NOV 20 P 4:24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") and Lincoln Financial Group, Inc. ("Lincoln Financial"), by and through their undersigned counsel, submit this Answer to Plaintiff's Complaint. Unless expressly admitted herein, Defendants deny the material allegations of the Complaint and demand strict proof thereof. Defendants respond to the numbered allegations of the Complaint as follows:

### COUNT I

1. Upon information and belief, Defendants admit the allegations contained the first sentence of this paragraph. Defendants further admit that they conduct business in the State of Alabama.

01415903.1

2. Defendants admit that Plaintiff was a participant in the group short-term and long-term disability plan (the "Plan") sponsored by her former employer, Genesys Conferencing, Inc. ("Genesys"). Defendants further admit that Jefferson Pilot issued two group disability insurance policies to insure the short-term and long-term disability components of the Plan. Defendants deny that Lincoln Financial "assumed" the contractual and legal obligations for the group policies, instead stating that Jefferson Pilot, an affiliate of Lincoln Financial through merger, continues to insure the group policies. Defendants specifically deny that Lincoln Financial had any involvement whatsoever with respect to either the group policies or the adjudication of plaintiff's claim for benefits, and state that Lincoln Financial is not a property party to this lawsuit.

3. Defendants deny the allegations of this paragraph and demand strict proof thereof.

4. Defendants admit that Plaintiff submitted a claim to Jefferson Pilot for short-term disability benefits.

5. Defendants admit that Jefferson Pilot denied Plaintiff's claim for short-term disability benefits by letter dated August 28, 2003 pursuant to the terms and conditions of the applicable coverage, but states that the letter will speak for itself. Defendants further admit that the denial of Plaintiff's claim for short-term disability benefits was properly upheld on administrative appeal.

6. Admitted.

7. Defendants deny the allegations of this paragraph and demand strict proof thereof.

8. The allegations of this paragraph do not require a response as there is no fictitious party practice under the Federal Rules of Civil Procedure.

9. Defendants deny the allegations of this paragraph and demand strict proof thereof.

10. Defendants deny the allegations of this paragraph, including subparts a and b therein, and demand strict proof thereof.

In response to the unnumbered "Wherefore" clause following paragraph 10 of Plaintiff's Complaint, Defendants deny that Plaintiff is due a judgment against them or any of the relief sought and further state that Plaintiff's claims are due to be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

At all times relevant to the above-captioned action, the Plan has been administered pursuant to its terms and in conformity with applicable law.

### SECOND DEFENSE

The denial of Plaintiff's benefits claim was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Plan, and within the decision maker's discretion under the terms of the Plan.

## THIRD DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

## FOURTH DEFENSE

Plaintiff is barred from recovery in this action because of her failure to mitigate her alleged damages, if any.

## FIFTH DEFENSE

In further answer, and in the alternative, Defendants state that all actions taken were in accord with the Policy and Plan provisions, the denial of Plaintiff's claim for benefits was legitimate and reasonable and not arbitrary nor capricious, and there was no abuse of discretion in the administration of the Policy and Plan with respect to Plaintiff.

## SIXTH DEFENSE

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the limitations, recoupment, and offset provisions as provided for in the Policy.

## SEVENTH DEFENSE

Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Plan.

## EIGHTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan.

## NINTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

## TENTH DEFENSE

Plaintiff's claims are barred because Defendants discharged their duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

## ELEVENTH DEFENSE

Defendants assert that Plaintiff failed to demonstrate eligibility for benefits under the terms and provisions of the Plan.

## TWELFTH DEFENSE

The factual determinations and interpretations of the Plan were the correct and best interpretations of the Plan's terms and available evidence.

## THIRTEENTH DEFENSE

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to Defendants such claim or admission of such

evidence in support of Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative and/or Plan remedies.

### FOURTEENTH DEFENSE

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Defendants reserve the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

### FIFTEENTH DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

### SIXTEENTH DEFENSE

Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

### RESERVATION OF DEFENSES

Defendants reserve the right to assert other defenses and claims when and if they become appropriate during this action.

WHEREFORE, Defendants, by and through their counsel, request the Court to enter an Order dismissing Plaintiff's Complaint; awarding Defendants the costs expended herein, including their reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g)(1); and granting such further relief as the Court deems just and proper.

- 7 -

/s/ William B. Wahlheim, Jr.
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy

Attorneys for Defendant
Jefferson Pilot Financial Insurance
Company And Lincoln Financial
Group, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 17th day of November, 2006:

Carl S. Pittman
Larry Knopf Attorneys, P.C.
540 S. Perry Street
Montgomery, Alabama 36104

_____
OF COUNSEL